```
 1  Susan L. Ford, OSB No. 970362
    RES NOVA LAW
 2  1050 SW 6th Ave., Ste. 1100
    Portland, OR 97204
 3  E-Mail: susan@resnovalaw.net
 4  Attorney for Plaintiff Amy Peterson
    dba Amy Peterson Art Studio
 5
 6
 7
 8              UNITED STATES DISTRICT COURT
 9               FOR THE DISTRICT OF OREGON
10
11  AMY PETERSON, an individual, dba AMY        Case No.: 3:25-cv-01268
    PETERSON ART STUDIO,
12                                              FIRST AMENDED COMPLAINT FOR
                   Plaintiff,                   COPYRIGHT INFRINGEMENT,
13                                              CANCELLATION OF COPYRIGHT
         v.                                     REGISTRATIONS AND BREACH OF
14                                              CONTRACT
    KELLY J. BERGGREN aka KELLY J.
15  BERNAL, an individual, and LETTERED AND    DEMAND FOR JURY TRIAL
    LINED, LLC, an Oregon limited liability
16  company, and STUPELL INDUSTRIES, LTD.
    INC., a Rhode Island corporation,
17
18                 Defendants.
19
20       Plaintiff Amy Peterson dba Amy Peterson Art Studio for her complaint against
21  Defendants Kelly J. Berggren aka Kelly J. Bernal ("Berggren"), Lettered and Lined, LLC
22  ("L&L") and Stupell Industries, Ltd. Inc. ("Stupell"), alleges as follows:
23
24
25
26
```

FIRST AMENDED COMPLAINT

Page 1

RES NOVA LAW
1050 SW 6th Ave., Ste. 1100
Portland, OR 97204
Telephone: (503) 388-3110

## I. NATURE OF THE ACTION

1. This is an action for copyright infringement under 17 U.S.C. § 105, et seq. Plaintiff seeks preliminary and permanent injunctive relief restraining infringement by Defendants of Plaintiff's copyrighted artwork, damages resulting therefrom and other relief.

2. This case concerns Defendants' copying of Plaintiff's copyrighted works of decorative wall art ("the Works") which have been created over the last seven years through Plaintiff's hard work and creativity. Plaintiff's copyright registrations were duly and legally issued by the U.S. Copyright Office, and a listing of the registered Works is attached to this Complaint as Exhibit 1. All of Plaintiff's copyright registrations were issued before the infringement began.

3. Because Plaintiff has sold her Works online on Society6.com, at https://amypetersonartstudio.com/ and through her online etsy.com shops, as well as through a national network of online and brick and mortar distributors and retailers since 2018, Defendants had access to the Works.

4. In the exhibit appended to this Complaint as Exhibit 2, Plaintiff demonstrates in painstaking detail the near identical copying of the Works by Defendants, undertaken without Plaintiff's knowledge or permission.

5. In the exhibit attached to the Complaint as Exhibit 3, Plaintiff lists the unlawful derivatives of the Works that have been registered by Defendant Berggren.

6. Plaintiff brings these claims against Defendants at law and in equity for direct copyright infringement and cancellation pursuant to 17 U.S.C. § 501 et seq and 17 U.S.C. § 411 (a). Plaintiff seeks injunctive relief and damages against Defendants.

FIRST AMENDED COMPLAINT

Page 2

**RES NOVA LAW**
1050 SW 6th Ave., Ste. 1100
Portland, OR 97204
Telephone: (503) 388-3110

## II. THE PARTIES

7. Plaintiff Amy Peterson is an artist living and working in Pleasant Hill, California, and the sole proprietor of Amy Peterson Art Studio.

8. On information and belief, Defendant Berggren is an individual residing at 804 NE Prescott St., Portland, OR, 97211, and an owner/operator of Lettered & Lined, LLC.

9. On information and belief, Defendant L&L is an Oregon single member limited liability company with a principal place of business located at 804 NE Prescott St., Portland, OR, 97211.

10. On information and belief, Defendant Stupell Industries is a Rhode Island corporation with a principal place of business in Rhode Island at 14 Industrial Lane, Johnston, RI 02919, and is actively engaged in the manufacture, sales, and distribution of wall art and home décor nationwide, including through online venues and brick and mortar stores.

## III. JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves federal questions arising under the Copyright Act, as amended, 17 U.S.C. § 101 et seq.

12. This Court has personal jurisdiction over Defendants because, on information and belief, each Defendant engaged in acts within the State of Oregon and purposefully availed themselves of the right to do business in this district via online and brick and mortar sales and the distribution of infringing artwork to consumers within this district, including by the distribution of infringing materials that directly injure plaintiff through lost sales and damage to her reputation. This Court also has personal jurisdiction over Berggren and L&L because Ms. Berggren is a resident of Oregon and L&L has its principal place of business in Oregon.

FIRST AMENDED COMPLAINT

Page 3

RES NOVA LAW
1050 SW 6th Ave., Ste. 1100
Portland, OR 97204
Telephone: (503) 388-3110

13.     The District of Oregon is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this District, Ms. Berggren and L&L reside within this district and, on information and belief, Stupell sells the infringing works in this District via an online and in-store distribution network.

### IV.   FACTS COMMON TO ALL CLAIMS FOR RELIEF

14.     Plaintiff Amy Peterson has been engaged in the business of designing and selling wall art featuring unique animal compilation artworks since December 2017.

15.     In December 2017, Plaintiff created and began selling a series of works featuring realistic images of animals in bathtubs. Although there were illustrations and drawings of animals in tubs at this time, there were no works done in a realistic "studio photo" style. Plaintiff's Works featured vintage bathtub images and various animals and combinations of animals in the tub, the ("Bathtub Works").

16.     In April 2019, Plaintiff began selling the Bathtub Works direct to consumers via Society6.com and Etsy.com. She also began licensing the Bathtub Works to Uniek, Inc. ("Uniek"), a manufacturer and distributor who distributes her Bathtub Works for sale in major online retailers including, but not limited to, Walmart.com, wayfair.com, bedbathandbeyond.com, overstock.com, homedepot.com, and target.com, and in major brick and mortar retailers such as HomeGoods, TJMaxx, Marshall's, HomeSense, Ashley HomeStore, among others.

17.     Between 2017 and 2019, Plaintiff sold the Bathtub Works in black and white and, in August 2019, she began selling the Bathtub Works in color in her Etsy shop and on Society6.com, and also began licensing the colored art to Uniek in January 2020.

FIRST AMENDED COMPLAINT

Page 4

RES NOVA LAW
1050 SW 6th Ave., Ste. 1100
Portland, OR 97204
Telephone: (503) 388-3110

18. In January 2020, Plaintiff started seeing infringing copies of her Bathtub Works all over Amazon.com. As a result, by January 12, 2021, Plaintiff had applied for and obtained her first registration for her Bathtub Works.

19. In March 2020, Plaintiff launched several new designs of Bathtub Works, including those she calls her "Traditional", "Neutral", "Rubber Ducky", and "Modern", selling them online through Society6.com and Etsy.com. Starting in or around July 2020, she began licensing these new designs to Uniek.

20. Plaintiff went on to create, register, publish, and distribute additional Bathtub Works, registering and publishing 25 new bathtub design themes in 2021, 10 new bathtub design themes in 2022, and 4 bathtub design themes in 2023, and selling these new works in her Etsy shop and licensing to Uniek for distribution in major online retailers and HomeGoods stores. She continually came up with new design themes to include adding additional animals, half panel walls, full panel walls, wood sign on wall above tub, wood flooring, tile flooring, baskets, wallpaper, rugs, towels, different colored tubs, beach ball, plants, flowers, to name a few.

21. On February 8, 2022, Plaintiff launched a second Etsy shop called "The Bathtub Animal Shop" and moved all newly registered and published Bathtub Works in December 2021, from her first Etsy shop to the second Etsy shop.

22. In June 2022, Plaintiff added bubbles to all of the Bathtub Works created prior and began selling all Bathtub Works with the option to purchase "with bubbles in tub" or "no bubbles in tub". Plaintiff registered these new bubble works in her "Rustic Bath" theme in June 2022.

23. Plaintiff continued to sell her Bathtub Works in her Etsy shops and on her website through April 2025, at which time she took her second Etsy shop - The Bathtub Animal Shop -

FIRST AMENDED COMPLAINT

Page 5

RES NOVA LAW
1050 SW 6th Ave., Ste. 1100
Portland, OR 97204
Telephone: (503) 388-3110

and a handful of Bathtub Works in her first Etsy shop, offline due to seeing rampant and unauthorized copying of her Works online.

24. Plaintiff owns exclusive rights in 1,577 U.S. Copyright Registrations for her Bathtub Works and has not given Defendants permission or license to use or copy the Bathtub Works or their derivatives.

25. Plaintiffs' Bathtub Works have been very successful and are widely recognized by consumers and HomeGoods, and represent a significant portion of Plaintiff's income.

26. In addition to the Bathtub Works, Plaintiff created, registered, and published a series of laundry animals (the "Laundry Works") which include animals in laundry baskets, on folded towels, on a pile of laundry, on a stack of folded sweaters, on washing machines, wearing clothes hangers, wearing socks, with a laundry basket on their head, to name a few. She obtained copyright registrations of all Laundry Works in April and June of 2023 and began selling the Laundry Works on her website and Etsy shop in November of 2023.

27. Plaintiff owns exclusive right in 308 U.S. Copyright Registrations for the Laundry Works and has not given Defendants permission or license to use or copy the Laundry Works or their derivatives.

**Infringing Activities by Ms. Berggren and Lettered and Lined, LLC**

28. In January of 2022, Plaintiff discovered six unauthorized uses of her copyrighted "traditional bath" Bathtub Works by Ms. Berggren and L&L (the "L&L Defendants") on the L&L Defendants' Etsy shop and website letteredandlined.com ("The L&L Defendants' First Set of Copies").

29. On or about January 22, 2022, Plaintiff sent a message to Defendant Berggren via Etsy's message service about the L&L Defendant's First Set of Copies. Defendant Berggren (a.k.a. Bernal) responded, in part, by asserting that her unauthorized copies were not

FIRST AMENDED COMPLAINT

Page 6

RES NOVA LAW
1050 SW 6th Ave., Ste. 1100
Portland, OR 97204
Telephone: (503) 388-3110

infringement because the idea of animals in bathtubs is allegedly not unique, because she had allegedly seen a lot of similar designs and because she allegedly created the images through her own editing process.

30. On January 26, 2022, Plaintiff's former counsel sent the L&L Defendant a cease and desist email attaching two charts showing relevant Plaintiff's Bathtub Works and the corresponding U.S. Copyright Registration Numbers, and explaining to the L&L Defendants that their argument that the First Set of Copies did not infringe was without merit and that the L&L Defendants' close copying of the compilation authorship comprising Plaintiff's works constitutes infringement.

31. On January 31, 2022, Ms. Berggren responded to the former counsel's correspondence by email as follows:

> Hi Linda,
>
> Thank you very much for sending over the additional information.
>
> I was not aware of Amy's designs when I created my original designs that were referenced in Amy's Etsy message. I have many other designs that contain animals in bathtubs that I've been selling since 2018 and which predate the dates on the provided copyright documents. The concept of "animals in a bathtub" has been around since before the dates noted on these copyright documents and is very common. Many other similar designs and styles of this artistic concept are being sold online and in retail stores worldwide.
>
> That being said, I can see that some of the combined elements noted in the copyright documents are similar to some of the combined elements in the specific designs of mine that were referenced in Amy's Etsy message. In good faith, those designs have been taken down across all my sales channels.
>
> Thank You.

32. On or around April 11, 2023, Plaintiff discovered that Defendants had re-published the infringing works they had taken down the year prior, now finding the same exact

FIRST AMENDED COMPLAINT

Page 7

RES NOVA LAW
1050 SW 6th Ave., Ste. 1100
Portland, OR 97204
Telephone: (503) 388-3110

designs with bubbles added into the tub, in the very same application as the Plaintiff made to her works in June 2022. Plaintiff found these were selling on the Defendants' Shopify store.

33. Plaintiff's prior counsel sent a DMCA take down notice directly to Shopify and the new infringing works with bubbles were taken down on April 21, 2023.

34. On April 14, 2023, Plaintiff discovered 6 new unauthorized uses of her copyrighted Bathtub Works by the Defendants. These new infringing works were simply changing the tub color and floor color, in some cases adding typography, being sold with the option to purchase the works "with bubbles in tub" or with "no bubbles in tub". These new identified works were found being sold on Walmart and Wayfair by Stupell Industries, in addition to being sold on third party websites by Ms. Berggren and Lettered and Lined.

35. On April 14, 2023, Plaintiff discovered another 4 new unauthorized uses of her copyrighted works by the Defendants. They include the same exact elements and arrangement, but the Defendants added a change to the flooring and panel wall. These new unauthorized works were identified by Plaintiff as being sold on Walmart, Wayfair, Bed Bath & Beyond, by Stupell Industries, in addition to being sold on third party websites by Ms. Berggren and Lettered and Lined to include FramedArt.com, Jane.com, North American Art, and Streamline Art, with a selection also being sold in Defendants' Shopify store.

36. On March 2, 2024, Plaintiff discovered 142 new unauthorized uses of her copyrighted Bathtub Works by Defendants, selling on major online retailers, by Stupell Industries, including Walmart, Wayfair, Bed Bath & Beyond, and Overstock.com, with a selection also being sold in Defendants' Shopify store. These 142 new unauthorized copies altogether comprise at least 1,499 separate URLs by Stupell Industries.

37. These 142 infringing works illegally copy Plaintiff's original copyrighted Bathtub Works that Plaintiff registered in December of 2021. The works copy the animal selection,

FIRST AMENDED COMPLAINT

Page 8

RES NOVA LAW
1050 SW 6th Ave., Ste. 1100
Portland, OR 97204
Telephone: (503) 388-3110

arrangement, positioning, composition, perspective, and overall original composition by the Plaintiff.

38.     On December 27, 2024, Plaintiff discovered that beyond copying her bathtub works, the Defendants created 8 new unauthorized uses of Plaintiff's copyrighted "Laundry Works". These new 8 infringing works were found being sold in the Defendants' Etsy shop.

39.     In or around June 2025, Plaintiff discovered another 18 new unauthorized uses of Plaintiff's copyrighted "Laundry Works" by Defendants, with the 18 new infringing works now selling in major online retailers, by Stupell Industries, including but not limited to Wayfair.com, Amazon, Lowe's, Home Depot, Walmart.com, Bed Bath & Beyond.com, and Michaels.com, altogether comprising at least 80 separate URLs.

40.     The exhibit attached hereto as Exhibit 2, and incorporated herein, is a true and correct chart showing Plaintiff's copyright registration numbers, images of the relevant Bathtub Works and Laundry Works those registrations cover, the corresponding and virtually identical Infringing Copies by Defendants. Defendants did not seek permission from Plaintiff to create or sell any of the 175 unauthorized copies found to date.

41.     At least 166 of the L&L Defendants' 175 infringing works were and are sold through Stupell Industries' network of big box and specialty retailers pursuant to Stupell's license agreement with the L&L Defendants. Plaintiff has identified at least 1,700 listings by Stupell Industries on these major retailer websites of the infringing works. At least 24 infringing works were or are sold direct to consumers by the L&L Defendants website and Etsy shop.

42.     Defendants have continued their infringing actions unabated to the present, making use of identical themes and elements, including the selection, arrangement, and coordination of the themes and elements in exactly the same, or a nearly identical, way as the Plaintiff's registered works.

FIRST AMENDED COMPLAINT

Page 9

**RES NOVA LAW**
1050 SW 6th Ave., Ste. 1100
Portland, OR 97204
Telephone: (503) 388-3110

**Infringing Activities by Defendant Stupell Industries Ltd., Inc.**

43. In or around July 20, 2020, an art director for Stupell contacted Plaintiff by email inquiring about licensing a selection of her works. Subsequently, the owner of Stupell Industries, Todd Stupell, engaged in a series of email exchanges with Plaintiff in which Mr. Stupell pressured her to agree to license that selection of her popular images to Stupell, which Stupell would then sell via various retailers. Mr. Stupell stated he had already shown several of her images of animals in bathtubs to HomeGoods, which was ready to place an order for nine of them to be reproduced in a line of 50 SKUs, and that At Home was also interested in those same nine images.

44. Plaintiff subsequently explained that those particular nine images were already licensed on an exclusive basis to another company, who sells its genuine licensed reproductions of Plaintiff's images through several retailers, including many through which Stupell also sells products.

45. On August 10, 2020, Plaintiff informed Mr. Stupell that those specific exclusive images were not available, but that she remained open to the possibility of entering into a license agreement with Stupell for other images. Mr. Stupell responded on that same day: "Okay, understood about you needing some time. We certainly took a risk showing your art without your confirmation. It usually works out, but, in this case we will certainly cancel the items and tell the buyers we are on hold." After only a month of correspondence, Mr. Stupell became impatient with the negotiation process and on August 21, 2020, informed Plaintiff that he had "cancelled the lines from the orders at HomeGoods and told At Home we won't be submitting samples for their 2021 line."

46. In or around October 2020, Stupell engaged another artist, Ziwei Li, to create almost identical copies of the Plaintiffs' nine bathtub images. Ms. Li meticulously copied every

FIRST AMENDED COMPLAINT

Page 10

RES NOVA LAW
1050 SW 6th Ave., Ste. 1100
Portland, OR 97204
Telephone: (503) 388-3110

element of artistic expression unique to Plaintiff's images: she chose and arranged nearly identical realistic images of the same animals, the same style bathtubs, the same type of floor and background, as well as the colors, relative size and positioning of all these elements. Her copies were indistinguishable from Plaintiffs' works unless one looks very carefully to discern any differences. Stupell sold these nine copies of Plaintiffs' works across numerous SKUs on its own site and through many retailers, including Amazon, Wayfair, Target, Walmart, Riverbend Home, Ashley Homestore, Michaels, and Overstock.

47. By letter dated November 2, 2021, Plaintiff's former counsel demanded that Defendant Stupell cease and desist all sales of the infringing products. Thereafter Stupell complied, and in June 2022 Plaintiff and Stupell entered into a written settlement agreement ("Settlement Agreement") without litigation and supported by valid consideration.

48. By letter dated September 29, 2022, Plaintiff's former counsel notified Stupell of its breach of Settlement Agreement, identifying 67 new listings on new online retail websites that were not present prior to the settlement, featuring designs and framing options with different UPC codes. After notifying Stupell, Stupell took the new listings down.

49. On information and belief, Stupell contracted an agreement with the L&L Defendants, as Licensor, to distribute the L&L Defendants' infringing copies of Plaintiffs' Works. On information and belief, the royalty paid by Stupell to the L&L Defendants is 7.5% of the net sales of the products incorporating the infringing works.

50. On information and belief, pursuant to this licensor/licensee arrangement, all art supplied to Stupell for licensing is first reviewed by Stupell's art director for approval. Stupell Industries holds accountability to audit the infringing content created by Defendant Berggren (a.k.a. Bernal), as well as the practical ability to stop Ms. Berggren from publishing the infringing content through Stupell's vast network of retailers. Upon information and belief,

FIRST AMENDED COMPLAINT

Page 11

RES NOVA LAW
1050 SW 6th Ave., Ste. 1100
Portland, OR 97204
Telephone: (503) 388-3110

Stupell failed to deny approval of the L&L Defendants' infringements. Stupell has largely profited from the L&L Defendants' infringements through mass distribution to multiple major online retailers.

## V.   FIRST CLAIM FOR RELIEF

**(Direct Copyright Infringement)**

(Against the L&L Defendants)

51. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 50 above as though fully set forth herein.

52. Plaintiff owns valid copyrights in the Works at issue in this case.

53. Plaintiff registered the Works attached as Exhibit 1 with the Register of Copyrights pursuant to 17 U.S.C. § 411(a). Those registered Works are compared to Defendants' unauthorized and virtually identical copies in Exhibit 2.

54. At no time has Plaintiff authorized the L&L Defendants to reproduce, distribute, prepare derivative works, or publicly display the Works or any portion thereof.

55. By copying, reproducing, and distributing for sale to the public identical or substantially similar copies of the Works, including derivative works, the L&L Defendants have infringed Plaintiff's exclusive copyrights in the materials distributed as alleged above, and in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501, causing damages to Plaintiff's reputation and business profitability. The L&L Defendants' acts of infringement were and are willful, intentional and purposeful, in disregard of and with indifference to Plaintiffs' rights.

56. At her election, and as a direct and proximate result of said infringement by

FIRST AMENDED COMPLAINT

Page 12

RES NOVA LAW
1050 SW 6th Ave., Ste. 1100
Portland, OR 97204
Telephone: (503) 388-3110

Defendants, Plaintiff is entitled to recover statutory or actual damages and profits pursuant to 17 U.S.C. § 504, including an accounting of and a constructive trust with respect to such profits in an amount to be proven at trial.

57. As a direct and proximate result of said willful and inexcusable infringement by Defendants, Plaintiff is also entitled to statutory damages of up to $150,000 per infringed work pursuant to 17 U.S.C. § 504(c). Plaintiff is further entitled to her attorneys' fees and costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

58. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes, and on that basis avers, that unless enjoined and restrained by this Court, the L&L Defendants will continue to infringe Plaintiff's registered copyrights. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## VI.     SECOND CLAIM FOR RELIEF

**(Cancellation of Defendants' Copyright Registrations)**

(Against the L&L Defendants)

59. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 50 above as though fully set forth herein.

60. Plaintiff has the exclusive right to authorize, make and distribute derivative works based on the registered and copyrighted Works.

61. Defendant Berggren has unlawfully applied for and received the Copyright Registrations identified in Exhibit 3 (collectively, the "L&L Derivatives").

62. The L&L Derivatives are identical or substantially similar to the Works.

FIRST AMENDED COMPLAINT

Page 13

RES NOVA LAW
1050 SW 6th Ave., Ste. 1100
Portland, OR 97204
Telephone: (503) 388-3110

On information and belief, the L&L Defendants knew of Plaintiff's Works and obtained certificates of registration without disclaiming the features and elements of Plaintiff's Works or disclosing the derivative nature of the L&L Derivatives.

63. On information and belief, this inaccuracy in information, if known to the Register of Copyrights, would have resulted in a refusal of registration for the L&L Derivatives. Therefore, the L&L Defendants have not satisfied the registration requirements of 17 U.S.C. § 411(a), by including inaccurate information with knowledge that such information was inaccurate.

64. Section 1806.4(F) of the Copyright Office's Compendium of U.S. Copyright Office Practices ("Compendium"), entitled "Court Ordered Cancellation" states the following:

> "Occasionally, the plaintiff(s) and/or defendant(s) in a copyright infringement lawsuit ask the court to issue an order directing a party to cancel his or her registration. When requesting this type of relief, litigants should ask the court to issue the order to the copyright claimant named in the certificate of registration or the claimant's duly authorized agent. In addition, litigants should ask the court to direct that party to cancel the registration using the procedure described in Section 1806.4(E) above."

65. On information and belief, the U.S. Copyright Office will accept court ordered cancellation requests directing the L&L Defendants to cancel their registrations in accordance with 1806.4(E) of the Compendium of Copyright practices Chapter 1800, Third Edition.

66. On information and belief, the U.S. Copyright Office will not cancel a registration unless ordered by the court in accordance with the procedure laid out in the Compendium of Copyright practices Chapter 1800, Third Edition.

67. On information and belief, continued public availability of copyright registrations with either Ms. Berggren or L&L as the owner, will unfairly prejudice

FIRST AMENDED COMPLAINT

Page 14

RES NOVA LAW
1050 SW 6th Ave., Ste. 1100
Portland, OR 97204
Telephone: (503) 388-3110

Plaintiff and make future contracts and sales of her decorative wall art designs extremely difficult and unprofitable.

68. Plaintiff has no other remedy under the law, and will suffer irreparable harm without such a court order.

69. On information and belief and based on copyright office procedures laid out in the Compendium of Copyright Practices, the Court has the authority to order the L&L Defendants to cancel the copyright registration.

70. Because of the L&L Defendants' actions, Plaintiff is entitled to entry of judgment ordering the L&L Defendants to request the cancellation of each of the copyright registrations of the L&L Derivatives.

## VII.   THIRD CLAIM FOR RELIEF

**(Vicarious Copyright Infringement)**

(Against Stupell Industries Ltd., Inc)

71. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 50 above as though fully set forth herein.

72. Defendant Stupell had the right and ability to control the infringing conduct engaged in by the L&L Defendants and failed to exercise that right and ability.

73. Upon information and belief, Stupell received a direct financial benefit from the infringement by the L&L Defendants.

74. Stupell's acts of infringement were and are willful, intentional and purposeful, and in disregard of and with indifference to Plaintiff's rights.

75. At her election, and as a direct and proximate result of said infringement by Stupell, Plaintiff is entitled to recover statutory or actual damages and profits pursuant to 17 U.S.C. § 504, including an accounting of and a constructive trust with respect to such profits in

FIRST AMENDED COMPLAINT

Page 15

RES NOVA LAW
1050 SW 6th Ave., Ste. 1100
Portland, OR 97204
Telephone: (503) 388-3110

an amount to be proven at trial.

76. As a direct and proximate result of said willful and inexcusable infringement by Stupell, Plaintiff is also entitled to statutory damages of up to $150,000 per infringed work pursuant to 17 U.S.C. § 504(c).

77. Plaintiff is further entitled to her attorneys' fees and costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

78. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes, and on that basis avers, that unless enjoined and restrained by this Court, Stupell will continue to infringe Plaintiff's registered copyrights. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Stupell's continuing infringing conduct.

## VIII.  FOURTH CLAIM FOR RELIEF

### (Contributory Copyright Infringement)

*(Against Stupell Industries Ltd., Inc.)*

79. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 50 above as though fully set forth herein.

80. Defendant Stupell Industries Ltd., Inc had the right and ability to control the infringing conduct engaged in by the L&L Defendants and failed to exercise that right and ability.

81. Upon information and belief, Stupell knew and had reason to know of the infringing activities engaged in by the L&L Defendants.

82. Upon information and belief, Stupell intentionally induced and materially

FIRST AMENDED COMPLAINT

Page 16

RES NOVA LAW
1050 SW 6th Ave., Ste. 1100
Portland, OR 97204
Telephone: (503) 388-3110

contributed to the L&L Defendants' infringing activities. Stupell's acts of infringement were and are willful, intentional and purposeful, and in disregard of and with indifference to Plaintiff's rights.

83. At her election, and as a direct and proximate result of said infringement by Stupell, Plaintiff is entitled to recover statutory or actual damages and profits pursuant to 17 U.S.C. § 504, including an accounting of and a constructive trust with respect to such profits in an amount to be proven at trial.

84. As a direct and proximate result of said willful and inexcusable infringement by Stupell, Plaintiff is also entitled to statutory damages of up to $150,000 per infringed work pursuant to 17 U.S.C. § 504(c).

85. Plaintiff is further entitled to her attorneys' fees and costs pursuant to 17 U.S.C. § 505 and otherwise according to law. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believe, and on that basis avers, that unless enjoined and restrained by this Court, Stupell will continue to infringe Plaintiff's registered copyrights. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Stupell's continuing infringing conduct.

## IX.  FIFTH CLAIM FOR RELIEF

**(Breach of Contract)**

(Against Stupell Industries Ltd., Inc.)

86. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 50 above as though fully set forth herein.

87. On June 1, 2022, Plaintiff and Stupell entered into the Settlement Agreement.

FIRST AMENDED COMPLAINT

Page 17

RES NOVA LAW
1050 SW 6th Ave., Ste. 1100
Portland, OR 97204
Telephone: (503) 388-3110

Paragraph 6 of the Settlement Agreement provides as follows:

> The Releasor agrees that in the event they discover any future instance(s) of the display by any third party of any of the Accused Designs, **or any other images provided to such third party by Releasee, which Releasor considers to be unauthorized or to constitute an act of infringement of their copyright interests, Releasor will promptly notify Releasee of that fact**. Releasee agrees to work in good faith to have such images taken down. If such images are promptly taken down, the Releasor agrees not to pursue a claim for copyright infringement against Releasee or the third party. For the purposes of this Settlement Agreement and Release, a take down of the images within five (5) days of the date on which the Releasor informs Releasee of the existence of the allegedly infringing image shall be presumed to be prompt.

88. On August 21, 2025, Plaintiff's former counsel notified Stupell, via email and U.S. mail to Todd Stupell and Stupell's counsel, of the posting by Stupell and its retail partners of 166 images that infringed Ms. Peterson's Copyrights, enclosing the relevant image from Exhibit 2 attached hereto.

89. As of the date of this filing, the images remain online and available for sale and Stupell has failed to otherwise respond to the August 21, 2025 notice.

90. Plaintiff has duly performed all obligations required under the Settlement Agreement or, alternatively, Plaintiff's performance was excused by Stupell's prior breach.

91. Stupell has materially breached the Contract by failing to take down the 166 images.

92. As a direct and proximate result of Stupell's breach, Plaintiff has suffered damages in an amount to be determined at trial, including economic damages, lost profits, and consequential damages.

FIRST AMENDED COMPLAINT

Page 18

**RES NOVA LAW**
1050 SW 6th Ave., Ste. 1100
Portland, OR 97204
Telephone: (503) 388-3110

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

  A. For an entry of judgment in favor of Plaintiff on each of her claims for relief;

  B. For an order temporarily, preliminarily and permanently enjoining and restraining Defendants and their agents, representatives, heirs, assigns, and attorneys, and all other persons active for, with, by, through or under authority from Defendants, or in concert or participation with Defendants, from continued acts of reproducing, distributing, creating derivative works, displaying, advertising, promoting, offering for sale and/or selling, or performing any materials that are substantially similar to the copyrighted Works, and to delist, remove, destroy and certify to the Court such delisting, removal, or destruction or other reasonable disposition of all such materials and means for producing same in Defendants' possession or control;

  C. For a judgment ordering the L&L Defendants to request the cancellation of the copyright registrations identified in Exhibit 3;

  D. An award of statutory damages or Plaintiff's actual damages from Defendants' infringements in an amount to be proven at trial in accordance with 17 U.S.C. § 504, and at Plaintiff's election;

  E. An award of Plaintiff's actual damages from Stupell's breach of the Settlement Agreement in an amount to be proven at trial;

  F. For an accounting of and a constructive trust with respect to such profits disgorged pursuant to 17 U.S.C. § 504, at Plaintiff's election;

FIRST AMENDED COMPLAINT

Page 19

**RES NOVA LAW**
1050 SW 6th Ave., Ste. 1100
Portland, OR 97204
Telephone: (503) 388-3110

1  G. For an award of reasonable attorney's fees and costs under 17 U.S.C. § 505 and
2  RCW § 63.60.060; and

3  H. For such other and further relief as the Court deems just and proper.

5  DATED this 5th day of September, 2025

Respectfully Submitted,

By: /s/ Susan Ford/
Susan Ford, OSB No. 970362
susan@resnovalaw.net

RES NOVA LAW
1050 SW 6th Ave., Ste. 1100
Portland, Oregon 97204
(503) 388-3110

FIRST AMENDED COMPLAINT

Page 20