IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AMY PETERSON, an individual doing business as Amy Peterson Art Studio,

Plaintiff,

v.

KELLY J. BERGGREN, an individual also known as Kelly J. Bernal; LETTERED AND LINED, LLC, an Oregon limited liability company; and STUPELL INDUSTRIES, LTD. INC., a Rhode Island corporation,

Defendants.

Case No. 3:25-cv-01268-AB

OPINION & ORDER

Vanessa M. Anderson
P.O. Box 14752
Portland, OR 97293

Susan L. Ford
Res Nova Law
1050 SW 6th Ave. Suite 1100
Portland, OR 97204

Klaus H. Hamm
Klarquist Sparkman, LLP
121 SW Salmon Street Suite 1600
Portland, OR 97204

Attorneys for Plaintiff

Kohel Haver
Haver & Associates
210 SW Morrison St. Suite 500
Portland, OR 97204

Marc Mohan
Nine Muses Law
6404 E Burnside St.
Portland, OR 97215

Attorneys for Defendants Kelly J. Berggren and Lettered And Lined, LLC

**BAGGIO, District Judge:**

Plaintiff Amy Peterson moves to dismiss Defendants Kelly J. Berggren and Letter And Lined, LLC's counterclaims under Federal Rule of Civil Procedure 12(b)(6). Pl.'s Mot. Dismiss ("Pl.'s MTD") 2, ECF No. 56. Defendants bring counterclaims for copyright infringement, material misrepresentation, and intentional interference with economic relations. Defs.' Answer & Countercls. ("Counterclaims") 10, ECF No. 48. For the following reasons, the Court grants in part and denies in part Plaintiff's Motion.

**BACKGROUND**

Defendant Berggren "is a graphic artist who sells her artwork online." Counterclaims 11. In or around August 2020, Defendant Berggren "created and began selling a series of artworks depicting the likeness of animals superimposed on the image of a clawfoot tub." *Id.* In March 2021, Defendant Berggren specifically designed "a vintage clawfoot tub" "as an isolated element for inclusion in composite images" ("Berggren's Bathtub Design"). *Id.* at 11–12. Berggren's

Bathtub Design featured "various colorways, with four prominent wideset feet, excluding extraneous elements such as plumbing fixtures." *Id.* at 12. Using Berggren's Bathtub Design, Defendant Berggren developed a new series of artwork, which she published on Etsy and other channels in or about November 2021. *Id.*

Defendants allege that Plaintiff became aware of Defendant Berggren's artwork in January 2022. *Id.* at 13. Defendants allege that Plaintiff subsequently developed artwork featuring what "appeared to be an exact copy of [Berggren's] Bathtub Design." *Id.*

On or about January 22, 2022, Plaintiff contacted Defendant Berggren via Etsy asserting copyright infringement and requesting that Defendant Berggren "cease all sales of bathtub animal works." *Id.* at 14. Defendant Berggren agreed and "removed certain listings of her work temporarily." *Id.* Plaintiff then "sent or caused to be sent a takedown notice to Etsy," causing Defendant Berggren's artwork "to be removed for sale from [Etsy]." *Id.* Plaintiff then sent additional communications to Etsy and Shopify claiming that Defendant Berggren's artwork infringed Plaintiff's copyrights, causing Defendant Lettered And Lined, LLC's "online stores to be suspended [and] lose privileges that it had to sell original artworks." *Id.* at 15.

Defendants allege that the removal of Defendant Berggren's artwork from Etsy, Shopify, and other platforms "negatively impacted their visibility in search engine results," causing Defendant Berggren to "miss[] out on hundreds of thousands of potential views and engagements from would-be patrons." *Id.* Defendants allege that Plaintiff "acted with callous disregard for the rights" of Defendants. *Id.* at 15–16. Defendants specifically allege that Plaintiff "knew or should have known that neither [Defendant] had infringed as to each work that was described in the correspondence sent to online platforms." *Id.* at 15; *see also id.* (alleging Plaintiff "was knowledgeable about copyright and the development of copyrighted artwork" and that Plaintiff

"knowingly misstated the rights of a copyright holder both in her cease and desist notice to [Defendant] Berggren and in her take-down notices to Etsy and Shopify").

**STANDARDS**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all material facts alleged in the complaint and construe them in the light most favorable to the nonmoving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**DISCUSSION**

Plaintiff moves to dismiss Defendants' counterclaims for failure to state a claim. Pl.'s MTD 2. The Court finds Defendants plausibly allege material misrepresentation and copyright infringement, though the Court gives Defendants leave to amend their copyright infringement counterclaim so that they may correct any errors or omissions in their copyright registration data.

The Court, however, finds that Defendants' intentional interference with economic relations counterclaim is preempted by the Copyright Act and dismisses it with prejudice.

**I. Copyright Infringement**

"To state a claim for copyright infringement, [a] plaintiff must plausibly allege that she owns a valid copyright, and the defendant copied protected aspects of her work." *Biani v. Showtime Networks, Inc.*, 153 F.4th 957, 962 (9th Cir. 2025). Plaintiff argues Defendants fail to allege both prongs of their copyright infringement counterclaim. Pl.'s Reply 1, ECF No. 60.

A. Ownership of a Valid Copyright

Plaintiff argues Defendants fail to plausibly allege ownership of a valid copyright for several reasons: lack of originality, failure to register, improper deposit copies, and statute of limitations. *See generally* Pl.'s MTD; Pl.'s Reply. The Court addresses each argument in turn.

i. Originality

Originality is necessary for a valid copyright because the Copyright Act protects "*original* works of authorship." 17 U.S.C. § 102(a) (emphasis added); *see also Roth Greeting Cards v. United Card Co.*, 429 F.2d 1106, 1109 (9th Cir. 1970) ("In order to be copyrightable, the work must be the original work of the copyright claimant or of his predecessor in interest."). Originality is a low bar, requiring only that the copyright claimant "contribute[] something more than a 'merely trivial' variation, something recognizably 'his own.'" *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1163 n.5 (9th Cir. 1977) (quoting *Alfred Bell & Co. v. Catalda Fine Arts*, 191 F.2d 99, 103 (2d Cir. 1951)), *overruled on other grounds by Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) (en banc). "No large measure of novelty is required." *Id.* (quoting *Alfred Bell*, 191 F.2d at 102).

Plaintiff argues Berggren's Bathtub Design is not original because it was clipped out of a mockup image sold on Etsy which was owned by someone else. *See* Pl.'s Reply 4–5 ("[N]o substantial changes were made to the 3D bathtub rendering to make it a transformative work through new expression, meaning, message, purpose, or character."). Plaintiff requests that the Court take judicial notice of, or incorporate by reference, the Etsy shop from which Defendants purportedly licensed the mockup image. *See id.* at 4 n.2 ("Plaintiff requests that the Court take judicial notice of this Etsy shop based upon the doctrine of incorporation by reference."). The Court declines to do so, finding the Etsy shop improper for purposes of judicial notice, *see* Fed. R. Evid. 201(a) ("This rule governs judicial notice of an *adjudicative fact* only . . . ." (emphasis added)), and incorporation by reference, *see Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) ("[I]f the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint.").

Finding judicial notice and incorporation by reference improper, the Court turns to whether Defendants have plausibly alleged originality of Berggren's Bathtub Design. The Court finds they have. Here, Defendants allege that Berggren's Bathtub Design was "skillfully modified [from a licensed image] as an isolated element for inclusion in composite images." Counterclaims 11–12. Defendants further allege Berggren's Bathtub Design featured "a vintage clawfoot tub in various colorways, with four prominent wideset feet, excluding extraneous elements such as plumbing fixtures shown in the originally licensed image." *Id.* at 12. Defendants allege Defendant Berggren "used selection, creativity, design, color, and features that were not available in the commercial images" to create Berggren's Bathtub Design. *Id.* Construing these factual allegations in the light most favorable to Defendants, the Court finds

Defendants plausibly allege Berggren's Bathtub Design is an "original work[] of authorship." 17 U.S.C. § 102(a).

ii. Registration

Copyright registration is "a prerequisite for bringing a 'civil action for infringement' of the copyrighted work." *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 595 U.S. 178, 181 (2022) (quoting 17 U.S.C. § 411(a)). A "certificate of a registration made before or within five years after first publication of the work . . . constitute[s] prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c).

Plaintiff argues that Defendants' copyright infringement counterclaim should be dismissed to the extent Defendants have not plausibly alleged registration. *See* Pl.'s MTD 9–10 (referencing Counterclaims Exhibit A, ECF No. 48-1,[1] as lacking corresponding registrations for Defendants' allegedly infringed-upon copyrights). Defendants respond they plausibly allege registration of Berggren's Bathtub Design as a visual element of a broader registered image. *See* Defs.' Opp'n Pl.'s MTD ("Defs.' Opp'n") 7 ("[R]egistration of an image includes the registration of any protectible element within than image when the party registering that work owns the component parts."), ECF No. 59. The Court agrees with Defendants and finds Defendants plausibly allege registration of Berggren's Bathtub Design to the extent derivative works are registered with the Copyright Office.

In *Enterprise Management Ltd., Inc. v. Construx Software Builders, Inc.*, 73 F.4th 1048, 1050 (9th Cir. 2023), the Ninth Circuit held that "by registering a derivative work, an author

[1] The Court finds incorporation by reference of Counterclaims Exhibit A proper because Defendants' copyright registrations "form the basis of" Defendants' copyright infringement counterclaim. *Khoja*, 899 F.3d at 1002; *see also* Counterclaims 16 ("[Defendants] ha[ve] registered the artworks shown on attached Exhibit A with the Registrar of Copyrights . . . .").

registers all of the material included in the derivative work, including that which previously appeared in an unregistered, original work created by the author." Registration of a derivative work is thus sufficient to register a preexisting work, provided the preexisting work was created by the same author. *See* 2 Nimmer on Copyright § 7.16[B][5][c] (2026). A derivative work is defined under the Copyright Act as "a work based upon one or more preexisting works . . . or any other form in which a work may be recast, transformed, or adapted." 17 U.S.C. § 101. Here, then, even if Defendants did not register Berggren's Bathtub Design, registration of derivative works may be sufficient for purposes of copyright registration.

In viewing Counterclaims Exhibit A, the Court finds Defendants' artwork to include derivative works of Berggren's Bathtub Design. *See generally* Counterclaims Ex. A. Thus, to the extent Defendants have registered those derivative works, Defendants may allege infringement of Berggren's Bathtub Design—a preexisting work. *See, e.g.*, *id.* at 1. To the extent Defendants have not registered those derivative works, *see, e.g.*, *id.* at 2, however, Defendants may not allege infringement of those versions of Berggren's Bathtub Design. Should Defendants wish to clarify which derivative works are registered with the Copyright Office, the Court gives Defendants leave to amend their copyright infringement counterclaim so that they may correct any errors or omissions in their registration data.[2]

iii. Deposit Copies

Under 17 U.S.C. § 408(a), "the owner of copyright or of any exclusive right in the work may obtain registration of the copyright claim by delivering to the Copyright Office the deposit

[2] Because the Court finds Plaintiff's argument that Berggren's Bathtub Design "is not a collective work" unpersuasive, Pl.'s Reply 14, the Court denies Defendants' Motion for Leave to File Sur-Reply, seeking to respond to Plaintiff's argument, *see* Defs.' Mot. Leave File Sur-Reply, ECF No. 61.

specified by this section." "Registration necessarily requires an accompanying deposit." 2 Nimmer on Copyright § 7.17[A] (2026). "[I]naccuracies in copyright registrations[, however,] do not bar actions for infringement" unless there is evidence of "intent to defraud and prejudice." *Harris v. Emus Recs. Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984).

Here, Plaintiff argues that Defendants' copyright infringement counterclaim should be dismissed to the extent it relies on improper deposit copy images. Pl.'s MTD 11–12. Plaintiff requests that the Court incorporate by reference exhibit two of Plaintiff's Motion, which Plaintiff asserts "demonstrates that certain of the deposit copies submitted to the copyright office by Defendants are substantially different from those images shown on [Counterclaims Exhibit A]." *Id.* at 11. Even assuming Plaintiff is correct that Defendants' deposit copies submitted to the Copyright Office are different from Defendants' allegedly infringed-upon artwork, Plaintiff has not shown such inaccuracies were motivated by an intent to defraud or that Plaintiff has been prejudiced. *See Harris*, 734 F.2d at 1335. Accordingly, the Court declines to dismiss Defendants' copyright infringement counterclaim for this reason. *See, e.g.*, *Dynamic Sols., Inc. v. Plan. & Control, Inc.*, 646 F. Supp. 1329, 1341–42 (S.D.N.Y. 1986) (finding plaintiffs' submission of improper deposits did not affect plaintiffs' right to sue for infringement).

iv. Statute of Limitations

Copyright infringement claims are subject to a three-year statute of limitations: "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). "[T]he three-year limitations period runs from the date the claim accrued, *i.e.*, from the date when the copyright holder knew or should have known of the infringement." *Starz Ent., LLC v. MGM Domestic Television Distrib., LLC*, 39 F.4th 1236, 1244 (9th Cir. 2022). There is, however, "no time limit on monetary recovery."

*Warner Chappell Music, Inc. v. Nealy*, 601 U.S. 366, 372 (2024). Thus, "a copyright owner possessing a timely claim for infringement is entitled to damages, no matter when the infringement occurred." *Id.*

Plaintiff argues that "Defendants are barred from recovering any damages for infringements occurring more than three years prior to the filing of the [counterclaim]." Pl.'s MTD 12; *see also* Pl.'s Reply 19 ("Defendants' damages are limited to the three year lookback period running from the date of the filing the [counterclaim]."). Plaintiff's argument appears to invoke the "incident of injury rule," which provides that a copyright infringement claim accrues when the infringement occurs. *Starz Ent.*, 39 F.4th at 1237. The Ninth Circuit has held, however, that the discovery rule applies to copyright infringement claims. *Id.* at 1238. Thus, "a claim for copyright infringement may accrue when the copyright owner discovers, or reasonably should have discovered, the infringement." *Id.* at 1240–41.

Here, then, the Court dismisses Defendants' copyright infringement counterclaim based on incidents of infringement which were discovered, or reasonably should have been discovered, by Defendants before March 19, 2023. *See generally* Counterclaims (filed on March 19, 2026); *see also Starz Ent.*, 39 F.4th at 1241 ("[T]he statute of limitations runs separately for each successive incident of infringement."). The Court, however, declines to dismiss Defendants' infringement counterclaim based on incidents of infringement which were discovered, or reasonably should have been discovered, after March 19, 2023.[3] In addition, to the extent

[3] Take for example Plaintiff's fifth alleged incident of infringement, which Defendants assert they discovered on February 15, 2026. *See* Counterclaims Ex. A, at 1 (referencing the fifth row of artwork). Because the date of discovery falls within three years of the filing of Defendants' counterclaim, Defendants may proceed on this incident of infringement. By contrast, for Plaintiff's first alleged incident of infringement, Defendants assert they discovered it on August 22, 2022. *See* Counterclaims Ex. A, at 1 (referencing the first row of artwork).

Defendants bring a timely infringement counterclaim, Defendants are "entitled to damages, no matter when the infringement occurred." *Nealy*, 601 U.S. at 372.

B. Copying

Copying for purposes of copyright infringement has two parts: factual copying and unlawful appropriation. *See Biani*, 153 F.4th at 962. Factual copying "focuses on whether the defendant copied the plaintiff's protected work." *Id.* "Proof of actual copying is required because 'independent creation is a complete defense to copyright infringement.'" *Id.* (quoting *Skidmore*, 952 F.3d at 1064). Proof of factual copying can be shown with direct or circumstantial evidence. *See id.* Where the proof is circumstantial, the plaintiff must show "that the defendant had access to the plaintiff's work and that the two works share similarities probative of copying." *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018), *overruled on other grounds by Skidmore*, 952 F.3d at 1066–69.

Here, Plaintiff argues that Defendants fail to plausibly allege factual copying because Defendants do not allege access and Plaintiff's allegedly infringing artwork was independently created. Pl.'s MTD 4. The Court finds Defendants plausibly allege access and that Plaintiff has not established independent creation.

i. Access

"To prove access, a plaintiff must show a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work." *Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009). Here, considering Defendants published and sold animals-in-tubs artwork using Berggren's Bathtub Design on the same online

---

Because this date falls more than three years after Defendants filed their counterclaim, Defendants may not recover on this alleged incident of infringement.

platform as Plaintiff and around the same time Plaintiff sold her own animals-in-tubs artwork, the Court finds Defendants have plausibly alleged access. *Compare* Counterclaims 12 (Defendants alleging that Defendant Berggren began publishing artwork using Berggren's Bathtub Design in November 2021 on Etsy and other channels), *with* Second Am. Compl. ¶ 20 (Plaintiff alleging that she published and sold animals-in-tubs artwork in 2021 on Etsy), ECF No. 47. Defendants' allegations "show a reasonable possibility" that Plaintiff "had the chance to view" Berggren's Bathtub Design. *Art Attacks*, 581 F.3d at 1143; *see also Loomis v. Cornish*, 836 F.3d 991, 997 (9th Cir. 2016) ("A copyright plaintiff . . . may establish a reasonable possibility of access by 'showing that the plaintiff's work has been widely disseminated.'" (quoting *Art Attacks*, 581 F.3d at 1143)).

ii. Independent Creation

As stated, proof of actual copying is required to prevail on a copyright infringement claim because independent creation is a complete defense to copyright infringement. *See Biani*, 153 F.4th at 962. Plaintiff argues that Defendants' own timeline establishes that Plaintiff's allegedly infringing artwork was independently created. Pl.'s MTD 4; *see also* Pl.'s Reply 3 ("[Plaintiff] created and published her works using the same vintage clawfoot bathtub well before [Defendant] Berggren . . . ."). The Court disagrees and finds Defendants plausibly allege actual copying.

As an initial matter, Plaintiff requests that the Court incorporate by reference exhibit one of Plaintiff's Motion to Dismiss. Pl.'s MTD 6 n.2; *see also* Pl.'s MTD Ex. 1, ECF No. 56-1. Exhibit one of Plaintiff's Motion is based on Plaintiff's registered copyrights and their deposit copies, which are listed in exhibit one of Plaintiff's Second Amended Complaint. *See* Second Am. Compl. Ex. 1, ECF No. 47-1. Defendants do not oppose incorporating exhibit one of

Plaintiff's Motion and in fact identify artwork from exhibit one as Plaintiff's infringing artwork. *See* Defs.' Opp'n 4 (citing pages seven through twenty-one of exhibit one as containing Plaintiff's infringing artwork and pages one through seven as not containing infringing artwork). Because Defendants do not oppose Plaintiff's request to incorporate exhibit one, the Court finds incorporation by reference proper. *See Wolff v. Tomahawk Mfg.*, No. 3:21-CV-880-SI, 2022 WL 23068468, at *1 (D. Or. Apr. 19, 2022) ("[I]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue." (quoting *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011))); *see, e.g.*, *Holden v. JPMorgan Chase Bank, N.A.*, No. 3:26-CV-00533-JES-JAC, 2026 WL 2677315, at *2 (S.D. Cal. Sept. 11, 2026) (finding incorporation by reference proper because, among other things, the request was unopposed).

Finding incorporation of exhibit one of Plaintiff's Motion proper, the Court turns to whether such exhibit shows independent creation. The Court finds it does not. Here, Plaintiff argues that exhibit one shows that Plaintiff "had already created and was already selling [artwork] incorporating the same 3D bathtub rending that Defendants claim rights to." Pl.'s Reply 12 (emphasis omitted). Plaintiff specifically points to her "Cottage Bath" artwork series, which Plaintiff published on February 25, 2021, and registered on August 26, 2021. Pl.'s MTD Ex. 1, at 5. Plaintiff argues that because she created and published her Cottage Bath artwork "featuring the accused vintage clawfoot tub as early as February 25, 2021," Pl.'s Reply 3 (emphasis omitted), before Defendant Berggren allegedly created and published Berggren's Bathtub Design, *see* Counterclaims 11–12, Plaintiff could not have copied Berggren's Bathtub Design, *see* Pl.'s Reply 12 ("[Plaintiff] created and published her works incorporating the 3D

bathtub rendering in February 2021, whereas [Defendant] Berggren allegedly created her . . . works sometime after March 2021 and published her works incorporating [Berggren's Bathtub Design] in November 2021."). Plaintiff's argument and incorporated exhibit, however, "merely create[] a defense to the well-pled allegations" in Defendants' copyright infringement counterclaim. *Khoja*, 899 F.3d at 1002. Plaintiff asks this Court to resolve factual disputes. The Court declines to do so at this pleading stage. *See id.* at 1003 ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage."). Accordingly, the Court declines to dismiss Defendants' copyright infringement counterclaim for failure to allege factual copying. Defendants' allegations plausibly suggest that Plaintiff copied Berggren's Bathtub Design in or around January 2022. *See* Counterclaims 13 (alleging that Plaintiff became aware of Defendant Berggren's artwork in January 2022 and subsequently published artwork featuring what "appeared to be an exact copy of [Berggren's] Bathtub Design").

***

In sum, the Court finds that, to the extent Defendants allege incidents of infringement which Defendants discovered, or reasonably should have discovered, after March 19, 2023, and such incidents of infringement are based on registrations of Berggren's Bathtub Design, Defendants plausibly allege copyright infringement. The Court gives Defendants leave to amend their counterclaim to correct or supplement copyright registration data.

## II. Material Misrepresentation

Under 17 U.S.C. § 512(f):

> Any person who knowingly materially misrepresents under this section . . . that material or activity is infringing . . . shall be liable for any damages . . . as the result

> of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing . . . .

To state a claim under § 512(f), a plaintiff "must allege (1) a material misrepresentation in a takedown notice that led to a takedown, and (2) that the takedown notice was submitted in subjective bad faith." *Tan v. Ko*, No. 2:24-CV-01565-BAT, 2025 WL 5053799, at *3 (W.D. Wash. Mar. 18, 2025). "[T]here must be a demonstration of some actual knowledge of misrepresentation on the part of the copyright owner" because "[a] copyright owner cannot be liable simply because an unknowing mistake is made, even if the copyright owner acted unreasonably in making the mistake." *Rossi v. Motion Picture Ass'n of Am. Inc.*, 391 F.3d 1000, 1005 (9th Cir. 2004). Here, Plaintiff argues that Defendants' misrepresentation claim should be dismissed because "Defendants have failed to allege facts from which misrepresentation may be inferred." Pl.'s MTD 14. The Court disagrees with Plaintiff.

Defendants allege that Plaintiff misrepresented to Etsy and Shopify that "artwork being sold by [Defendant] Berggren infringed the copyright of [Plaintiff's] own works," causing Defendant Berggren's artwork to be "removed for sale" and Defendant Lettered And Lined, LLC's online stores to be suspended. Counterclaims 14–15; *see also id.* at 17–18 ("[Plaintiff] misrepresented that [Defendants'] works were infringing . . . caus[ing] the platforms to remove or disable access to its Material . . . ."). The Court finds these allegations sufficient to establish the first element. *See, e.g.*, *Shande v. Zoox, Inc.*, No. 22-CV-05821-BLF, 2024 WL 2306284, at *4 (N.D. Cal. May 21, 2024) (finding allegations that defendant misrepresented infringement in a takedown notice and that the takedown notice caused plaintiff's content to be suspended sufficient to satisfy the first element).

As to the second element, the Court also finds Defendants' allegations sufficient. Defendants allege that Plaintiff "was knowledgeable about copyright and the development of

copyrighted artworks," that Plaintiff "knowingly misstated the rights of a copyright holder . . . in her take-down notices to Etsy and Shopify," and that Plaintiff sent a takedown notice "with the intent that Etsy and Shopify would respond by halting sales of [Defendants' artwork]." Counterclaims 15; *see also id.* at 15–16 ("[Plaintiff] acted with callous disregard for the rights that [Defendant] Berggren had in her copyrights and the rights that Lettered [A]nd Lined, LLC had to sell licensed works."). The Court finds these allegations sufficient. *See, e.g.*, *Shande*, 2024 WL 2306284, at *4 (finding allegations that defendant knew its takedown notice to be false sufficient to satisfy the second element).

Because Defendants plausibly demonstrate that Plaintiff knowingly misrepresented Defendants' artwork was infringing, the Court declines to dismiss Defendants' material misrepresentation counterclaim for failure to state a claim.

**III. Intentional Interference with Economic Relations**

Under 17 U.S.C. § 301(a), "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . are governed exclusively by this title." Section 301(a) thus "'preempt[s] and abolish[es] any rights under the common law or statutes of a State that are equivalent to copyright and that extend to works,' if the rights in question fall 'within the scope of the Federal copyright law.'" *Best Carpet Values, Inc. v. Google, LLC*, 90 F.4th 962, 970–71 (9th Cir. 2024) (quoting *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir. 2017)). For example, in *Trevari Media LLC v. Cantu*, No. 6:23-CV-01879-MTK, 2025 WL 895376, at *7 (D. Or. Mar. 24, 2025), the district court found that the defendant's counterclaim for intentional interference with economic relations—arising from the filing of complaints by plaintiffs to take down defendant's videos—was preempted by 17 U.S.C. § 512(f): "Here, the [Copyright Act] preempts state law claims arising out of submission of takedown notices

because the [Copyright Act] provides a cause of action to the alleged infringer for wrongful submission of takedown notices."

Like the district court in *Trevari*, the Court finds that Defendants' intentional interference with economic relations counterclaim is preempted by 17 U.S.C. § 512(f). Here, Defendants' counterclaim arises from damages caused after Plaintiff allegedly "used improper means to cause Etsy and Shopify to cease selling [Defendant] Berggren's artworks," Counterclaims 19, including by sending a takedown notice and otherwise communicating "to Etsy and Shopify that artwork being sold by [Defendant] Berggren infringed the copyright of her own works," *id.* at 14–15; *see also id.* at 19 ("When [Defendant] Berggren's lawful artworks were removed from Etsy and Shopify, [Defendant] Berggren suffered harm from lost sales, loss of reputation, and other damages to her business and property . . . ."). Defendants' counterclaim thus directly implicates Defendants' rights under 17 U.S.C. § 512(f). Accordingly, the Court dismisses Defendants' intentional interference with economic relations counterclaim as preempted by the Copyright Act. *See, e.g.*, *Tine Bak LLC v. Selkatz, Inc.*, No. CV 20-5065 DSF (SK), 2020 WL 9074806, at *5–6 (C.D. Cal. Nov. 30, 2020) (dismissing plaintiff's tortious interference with business relationships claim, alleging defendant submitted a false infringement notice, as preempted by the Copyright Act); *Stardock Sys., Inc. v. Reiche*, No. C 17-07025 SBA, 2019 WL 8333514, at *5 (N.D. Cal. May 14, 2019) (dismissing plaintiff's tortious inference with economic and contractual relations claims, alleging defendants submitted false infringement notices, as preempted by the Copyright Act).

///

///

///

## CONCLUSION

The Court GRANTS in part and DENIES in part Plaintiff's Motion to Dismiss for Failure to State a Claim [56]. Accordingly, Defendants' intentional interference with economic relations counterclaim is dismissed with prejudice. Defendants are given leave to amend their copyright infringement counterclaim so that they may correct any errors or omissions in their copyright registration data. Defendants' amendment is due within fourteen (14) days. The Court DENIES Defendants' Motion for Leave to File Sur-Reply [61].

IT IS SO ORDERED.

DATED this 29th day of September, 2026.

AMY M. BAGGIO
United States District Judge